NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 3 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICARDO ACUNA-MUNOZ, | No. 20-72032 |
| Petitioner, | Agency No. A206-354-109 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 8, 2021**
Seattle, Washington

Before: PAEZ, M. SMITH, and NGUYEN, Circuit Judges.

Petitioner Ricardo Acuna-Munoz, a native and citizen of Mexico, petitions

for review of a decision by the Board of Immigration Appeals ("BIA") affirming

the denial by an immigration judge ("IJ") of his application for withholding of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal and protection under the Convention Against Torture ("CAT").[1] Acuna-Munoz sought immigration relief based on alleged threats by members of the La Pesada and La Granja gangs and their collusion with law enforcement.

1. Acuna-Munoz's brief before the BIA did not develop any argument about why the IJ erred in denying his withholding claim. Because Acuna-Munoz failed to exhaust administrative remedies, we lack jurisdiction to review the IJ's withholding decision. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) ("[Section] 1252(d)(1) mandates exhaustion and therefore generally bars us, for lack of subject-matter jurisdiction, from reaching the merits of a legal claim not presented in administrative proceedings below."); *see also Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) ("Petitioner will therefore be deemed to have exhausted only those issues he raised and argued in his brief before the BIA."). Accordingly, the petition is dismissed as to Acuna-Munoz's challenge to the IJ's denial of withholding of removal.

2. We have jurisdiction under 8 U.S.C. § 1252 to review Acuna-Munoz's challenge to the IJ's denial of his CAT claim. We review for substantial evidence. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017).

In denying Acuna-Munoz's CAT claim, the IJ found that his testimony

---

[1] Acuna-Munoz did not contest before the BIA, and does not argue in this appeal, that the IJ erred in granting the government's motion to pretermit his asylum claim.

2

about encounters with law enforcement was not credible. Acuna-Munoz argues that this finding was in error. We disagree.

In support of his application for relief, Acuna-Munoz provided an affidavit that stretched over 29 single-spaced pages. That affidavit mentioned only a single encounter with law enforcement, an alleged detention and beating by officers from PGR, which is a unit of Mexico's federal government. At his hearing, however, Acuna-Munoz testified that he was not detained by the PGR but was instead detained by local police. Substantial evidence supported the IJ's conclusion that these inconsistencies undermined the credibility of Acuna-Munoz's testimony about his encounters with law enforcement. *See Manes v. Sessions*, 875 F.3d 1261, 1264 (9th Cir. 2017). Acuna-Munoz failed to demonstrate that these inconsistencies were so minor that, under the totality of the circumstances, they could not constitute substantial evidence for the IJ's credibility finding. *See Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc).

The IJ afforded Acuna-Munoz an opportunity to explain these inconsistencies at the hearing. Despite the length and detail of his affidavit, Acuna-Munoz testified he did not want to include every single incident of police violence because police brutality is so common in Mexico, and he estimated that he had been beaten by the PGR around ten times and by the local police at least once a month. The IJ did not err in rejecting these explanations. *See Rizk v.*

*Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) ("[I]f the alien fails to provide a plausible explanation, the IJ may properly rely on the inconsistency as support for an adverse credibility determination." (citations omitted)).

Because the IJ's adverse credibility determination was not error, substantial evidence supports the conclusion that Acuna-Munoz failed to show a likelihood that he would be tortured by the police if he were returned to Mexico. To that extent, the petition is denied. *See Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001) ("[T]o be eligible for [CAT] relief … the petitioner must show that it is 'more likely than not' that he or she will be tortured, and not simply persecuted upon removal to a given country." (quoting 8 C.F.R. § 208.16(c)(2)).

However, Acuna-Munoz also argued before the IJ and the BIA that he faced a likelihood of torture by gangs. The IJ specifically found that Acuna-Munoz testified credibly about his "problems with gangs." Therefore, the IJ's adverse credibility finding as to Acuna-Munoz's encounters with law enforcement was not by itself substantial evidence that Acuna-Munoz was unlikely to be tortured by gangs.

To prevail on this theory premised on gang torture, Acuna-Munoz had to show that he would "more likely than not be tortured with the consent or acquiescence of a public official if removed to [his] native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). "Acquiescence of a public

4

official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." 8 C.F.R. § 1208.18(a)(7). Evidence of acquiescence can come from reports demonstrating that law enforcement is corrupt or colludes with gangs. *See Madrigal v. Holder*, 716 F.3d 499, 510 (9th Cir. 2013) (remanding CAT claim where "[v]oluminous evidence in the record explains that corruption of public officials in Mexico remains a problem … with police officers and prison guards frequently working directly on behalf of drug cartels."); *see also Garcia-Milian v. Holder*, 755 F.3d 1026, 1035 (9th Cir. 2014) ("[E]vidence that police officials were corrupt, and worked on behalf of criminals or gangsters, may establish that the government has acquiesced in criminal activities." (citation omitted)).

Acuna-Munoz presented an expert affidavit and country conditions evidence that were at least probative of acquiescence. The IJ did not address this evidence, or Acuna-Munoz's gang torture theory, because the IJ concluded that "background materials present in this case confirm that, although torture does occur in Mexico, that it occurs at the hands of the authorities." That conclusion was inconsistent with the record that Acuna-Munoz assembled.

The BIA did not analyze this evidence in connection with Acuna-Munoz's gang torture theory. The BIA rejected this theory because it found that Acuna-

5

Munoz's only support for the alleged cooperation between gangs and authorities was "an assertion." Whether the evidence is ultimately persuasive or not, Acuna-Munoz offered more than an assertion, and the BIA's ground for rejecting Acuna-Munoz's gang torture theory was therefore not supported by substantial evidence.

Because the agency failed to properly consider probative evidence as to acquiescence, we grant the petition as to Acuna-Munoz's gang torture theory and remand for further proceedings. *See Madrigal*, 716 F.3d at 510.

**PETITION DISMISSED IN PART, DENIED IN PART, GRANTED IN PART, AND REMANDED.**[2]

The parties shall bear their own costs.

---

[2] The motion for stay of removal is denied as moot. Dkt. 1, 3.